The undersigned have reviewed the prior Opinion and Award based upon the record of the proceedings before Deputy Commissioner Nance. The appealing party has not shown good ground to reconsider the evidence; receive further evidence; rehear the parties or their representatives; or amend the Opinion and Award.
* * * * * * * * * * * * * *
The Full Commission finds as fact and concludes as a matters of law the following, which were entered into by the parties at the hearing as:
STIPULATIONS
1. The parties are subject to and bound by the provisions of the Workers' Compensation Act.
2. The employer-employee relationship existed between plaintiff and defendant-employer.
3. Cigna Insurance Company was the compensation carrier on the risk.
The parties requested that Deputy Commissioner Nance make an initial ruling on the threshold issue of compensability.
* * * * * * * * * * * * * *
The Full Commission adopts the findings of fact found by the Deputy Commissioner as follows:
FINDINGS OF FACT
1. Plaintiff, who is 44 years old, went to work for defendant-employer in December 1991 as a sales representative. His duties involved showing mobile homes on a lot and following up with contracts he made. Plaintiff had no supervisory duties over other sales representatives.
2. In June 1992 Dale Pass, plaintiff's nephew, was living with plaintiff and was also employed by defendant-employer as a sales representative.
3. Although they were kin, plaintiff's and Pass' personal relationship prior to June 1992 was shaky at best. There had been a fight in 1980 between plaintiff and Pass, where plaintiff had slapped Pass and Pass hit him back. At a Christmas party in 1984 or 1985 plaintiff jumped Pass from behind. There was also another fight between them in 1989 or 1990.
4. Plaintiff's normal working hours were from nine in the morning to eight in the evening.
5. On the afternoon of 3 June 1992 plaintiff asked his supervisor Linc Walsh if he (plaintiff) could go to the Raleigh office to pick up an advance on some of his commissions. Walsh told plaintiff that was acceptable, and that he could take the rest of the day off. When plaintiff left that afternoon to go pick up his check, it was not expected that he would return to the lot later to resume working. He was off duty for the day.
6. Plaintiff left the sales lot and went to the Raleigh office where he picked up a check from Don Woodward, the company treasurer. While in the Raleigh office plaintiff had occasion to run into Sid Miley, president of defendant-employer. They talked shop, but contrary to plaintiff's testimony (which is not accepted as credible), Miley did not discuss with plaintiff dissatisfaction with the hours Pass was working. There was no discussion or understanding between Miley and plaintiff that plaintiff would discuss with Pass this alleged problem with his hours. Miley did not have a problem with Pass' hours, and if he did he certainly would not have taken it up with plaintiff.
7. For some reason plaintiff returned to the sales lot later that afternoon. Sometime between the time he left the lot and returned he drank some Crown Royal and had acquired the odor of alcohol about his person. When plaintiff returned to the lot, he initiated a conversation with Pass wherein he told Pass he had discussed Pass' hours with Sid Miley. A heated shouting match ensued in Walsh's office, and Walsh told them to take it outside because he was on the phone. Plaintiff left Walsh's office, followed by Pass. It was Pass' understanding they were going outside to fight. As they neared the outside door plaintiff bent down and picked up a fishing rod. Pass thought plaintiff was preparing to hit him with the rod and tackle him, so Pass kicked plaintiff in the eye. Plaintiff ended up losing his eye as a result of the injury.
8. At the time plaintiff's injury occurred, he was off duty and was not engaged in an activity which was calculated to directly or indirectly further defendant-employer's business.
9. In light of the fact that plaintiff and Miley did not discuss Pass' hours, the circumstances surrounding the assault were personal, in that plaintiff initiated an argument with Pass, as he had in the past. The assault was not incidental to some duty of the employment and was not reasonably related to the employment.
* * * * * * * * * * * * * *
Based on the findings of fact, the Full Commission concludes as follows:
CONCLUSION OF LAW
Because plaintiff's injury on 3 June 1992 did not arise out of and in the course of his employment with defendant-employer, his claim is hereby denied. G.S. § 97-2(6).
* * * * * * * * * * * * * *
Based on the foregoing findings of fact and conclusion of law, the Full Commission affirms the holding of the Deputy Commissioner and enters the following:
AWARD
1. Plaintiff's claim is hereby DENIED.
2. Each side shall bear its own costs.
 S/ _______________________ DIANNE C. SELLERS COMMISSIONER
CONCURRING:
S/ _______________________ BERNADINE S. BALLANCE COMMISSIONER
S/ _______________________ JAMES J. BOOKER COMMISSIONER